*J. Ristine,* for appellant.

*W. H. Mallory* and *B. E. Rhoads,* for appellees.

---

## REED *v.* BAKER, Governor.

COURT OF COMMON PLEAS.—*Alteration of Districts.— Vacancy.—Election.— Statute Construed.*—By act of 1859 (2 G. & H. 20, sec. 3), the counties of Tippecanoe, Benton, White, and Carrol, were made a common pleas district, in which it was required that a judge should be elected on the second Tuesday of October, 1860, and every fourth year thereafter. By act of 1861 (2 G. & H. 653), this district was required to be designated and known as the fifteenth district. By act of 1867 (Acts 1867, p. 92), the twenty-third district was created, consisting of the counties of Tippecanoe and Warren, and it was enacted that the then elected judge of the fifteenth district should be, and perform the duties of, judge of the twenty-third district, until the expiration of his term of office.

*Held,* that by said act of 1867, the remaining counties, White, Benton, and Carrol, did not cease to be the fifteenth district, but a vacancy was thereby created on its bench, to be filled by appointment by the Governor till the general election of 1867, then by election for the unexpired term, till October, 1868, when a judge of that district was required to be elected.

APPEAL from the Marion Civil Circuit Court.

FRAZER, J.—The case before us involves, in its merits, but a single question, and as the parties interested desire that it alone shall be considered, we address ourselves at once to its solution.

At the October election, in 1868, Hon. Alfred Reed, the appellant, was elected judge of the fifteenth common pleas district, and the question is, whether such election could lawfully take place at that time.

By the act of 1859 (2 G. & H. 20, sec. 3), the counties of Tippecanoe, Benton, White, and Carrol, were made a common pleas district, in which it was required that a judge should be elected on the second Tuesday of October, 1860, and every fourth year thereafter. By the act of March 11th, 1861 (2 G. & H. 653), this district was required to be designated and known as the fifteenth district. By an act approved March 11th, 1867 (Acts 1867, p. 92), the twenty-third district was created, consisting of the counties of Tippecanoe and Warren, and it was enacted that the then judge of the fifteenth district should be, and perform the duties of, judge of the new district, until the expiration of his term of office.

So, inasmuch as under our Constitution one man cannot lawfully be the incumbent of two offices at the same time, a vacancy was created upon the bench of the old district, and it was the duty of the Governor to fill that vacancy by appointment until the next general election, which would be in October, 1867. So is the statute, 2 G. & H. 19, sec. 2. At that election a judge would be elected merely for the unexpired term. So again is the statute, expressly. 1 G. & H. 672, sec. 7. The office being created by statute, it is quite plain that the enactment last referred to is within the scope of legislative authority.

The conclusion would seem to follow, that the law of 1859 required to be elected in October, 1868, a common pleas judge for the counties of White, Benton, and Carroll, unless by the creation of the twenty-third district, in 1867, the

counties remaining of the former fifteenth district ceased to be the old district. We are unable to perceive how such effect can properly be given to the act of 1867. There is nothing in its terms requiring it, or necessarily or reasonably implying it. No good reason is apparent requiring such legislation, and there are many to warrant the conclusion that nothing of the sort was intended. In 1861, the legislature adopted the plan of designating common pleas districts by numbers, following a custom which had prevailed as to circuits since the organization of this State. That plan has since been pursued in every instance where an additional district has been created—it was so by the very act of 1867, creating a new district to be composed of the counties of Tippecanoe and Warren and numbering it the twenty-third. It would be strange if the legislature designed, by that very act, to take from another district its designation and its identity, and make it a new district with no designation whatever.

The argument, carried to its utmost result, would establish only the destruction of the fifteenth district as designated in 1861, without making any provision for the court in the counties of White, Benton, and Carroll. The act of 1867 has no terms which can be construed into the creation of a new district composed of those counties. If it destroys the old district by implication and repeal, as is argued, it undoubtedly stops there, and the embarrassing question would at once arise, whether all the acts of the court of common pleas in those counties since 1867 are not *coram non judice* and void.

There is a plain escape from these embarrassments. The purpose of the legislature was, not to destroy the fifteenth district, nor to affect it in any way whatever, save to lessen its boundaries, by cutting off Tippecanoe county from it, and to create a vacancy upon its bench, by assigning its judge to a new district, in which, perhaps, he happened to reside. This is the fair construction of the language of the act of

1867, effectuates fully all the purposes of that act, and avoids all confusion and embarrassment.

Judgment reversed, and cause remanded, with direction to overrule the demurrer.

*A. Reed, S. A. Huff,* and *B. W. Langdon,* for appellant.

*S. E. Perkins, S. E. Perkins, Jr., D. D. Pratt,* and *Z. Baird,* for appellee.